IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOLANDA LAVELL KAISER,<br>    ID # 32626-177,<br>        Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>No. 3:20-CV-1549-M-BH<br>No. 3:15-CR-42-M<br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the petitioner's *Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received June 29, 2020 (doc. 5). Based on the relevant filings and applicable law, the petition should be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

### I. BACKGROUND

On February 3, 2015, Yolanda Lavell Kaiser (Petitioner) was charged by indictment with nine counts of wire fraud in violation of 18 U.S.C. § 1343, and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. (*See* doc. 1.)[2] After a detention hearing on February 25, 2015, she was ordered released on conditions that included location monitoring and home incarceration. (*See* docs. 20, 21, 30.) Petitioner entered a plea of guilty to one count of wire fraud on April 21, 2015. (*See* docs. 26, 27, 31.) By judgment dated November 24, 2015, she was sentenced to 132 months' imprisonment, to be followed by 3 years of supervised release, and ordered to pay restitution in the amount of $2,294,442.00. (*See* docs. 49, 50.)

Petitioner now seeks credit to her sentence, which she is currently completing on home

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:15-CR-42-M.

confinement, for the 6 months she spent on home incarceration while on pretrial release. (*See* No. 3:20-CV-1549-M-BH, doc. 5 at 5, 7.)[3]

## II. EXHAUSTION

Petitioners seeking relief under § 2241 generally must exhaust their administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*). Although exhaustion is not a jurisdictional requirement in the context of § 2241, prisoners who challenge the calculation of their federal sentences should exhaust the remedies provided by the Bureau of Prisons (BOP). *See, e.g., United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972). Courts may *sua sponte* dismiss § 2241 petitions for lack of exhaustion. *See Pritchett v. Upton*, No. 3:16-cv-3344-M-BN, 2016 WL 7971334, at *2 (N.D. Tex. Dec. 30, 2016) (citing *Wy v. Berkebile*, No. 3:08-CV-1894-G, 2008 WL 5262711, at *2 n.2 (N.D. Tex. Dec. 17, 2008)).

The computation of sentence credit awards is done by the Attorney General of the United States, through the BOP, and not the courts. *See U.S. v. Setser*, 607 F.3d 128, 132-33 (5th Cir. 2010). The multi-tiered BOP administrative procedure for inmates who seek formal review of their complaints is set forth in 28 C.F.R. §§ 542.10-542.19. *See Gross v. Cruz*, No. 3:09-CV-0928-B, 2009 WL 1675075, at *1 (N.D. Tex. June 15, 2009). BOP Program Statement 1330.18, Administrative Remedy Program, outlines the procedure and provides federal prisons relevant guidance regarding it. *See id.* (citing *Aguirre-Castillo v. United States*, No. 1:03-CV-146-C, 2004

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

WL 594105, at *2 (N.D. Tex. Feb. 26, 2004)). Under this procedure, inmates may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The administrative process begins with informally presenting the issue to BOP staff for resolution, followed by successive formal steps which respectively require the submission of an Administrative Remedy Request to the Warden, an appeal to the Regional Director if unsatisfied with the Warden's response, and an appeal to the BOP General Counsel if unsatisfied with the Regional Director's response. 28 C.F.R. §§ 542.13, 542.14, 542.15. The filing of an appeal to the General Counsel "is the final administrative appeal." 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate has exhausted her administrative remedies for filing a § 2241 petition. *See Gross*, 2009 WL 1675075, at *1.

A petitioner need not exhaust administrative remedies, however, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (citation omitted). Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [the petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted). If a petitioner carries her burden to demonstrate an applicable exception to the exhaustion requirement, she may obtain a merits ruling on her § 2241 petition despite a lack of exhaustion. *See id.*

Here, Petitioner indicated she has not pursued all available administrative remedies relating to her request for sentencing credit. (*See* No. 3:20-CV-1549-M-BH, doc. 5 at 2.) She has not provided any evidence or argument demonstrating that she pursued any of her administrative remedies or that an exception to the exhaustion requirement applies. Accordingly, Petitioner's § 2241 petition should be dismissed without prejudice for failure to exhaust administrative remedies.

3

*See Copeland v. Warden, FCR Beaumont Low*, No. 1:17-CV-230, 2020 WL 2831064, at *2 (E.D. Tex. Apr. 8, 2020) (noting that the § 2241 petitioner seeking sentence credit for time spent on pretrial supervision had exhausted his administrative remedies); *King v. Mejia*, No. 3:15-cv-811-B-BN, 2016 WL 7638144, at *1 (N.D. Tex. Nov. 14, 2016) (noting that § 2241 petitioner seeking sentence credit for spent in residential reentry center on lock-down status during pretrial release had properly exhausted his administrative remedies).

### III. RECOMMENDATION

The petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**SIGNED this 18th day of August, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE